**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| K.J. R.D., | No. 1:26-cv-00610 JLT CDB (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MINGA WOFFORD, *et al.*, | [A-Number 246-549-267] |
| Respondents. | (Doc. 15) |

K.J.R.D. is a federal immigration detainee in the custody of Immigration and Customs Enforcement at the Mesa Verde ICE Processing Center in Bakersfield, California. He initiated this action by filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a related request for emergency injunctive relief on January 24, 2026. (Doc. 1.) On January 27, 2026, the Court denied Petitioner's TRO motion as untimely and referred the matter to the assigned magistrate judge for a determination on the merits of the petition. (Doc. 6.)

On March 25, 2026, the assigned magistrate judge issued findings and recommendations to grant in part Petitioner's petition for writ of habeas corpus only as to Petitioner's procedural due process claim (Count I). (Doc. 15.) The Court served the findings and recommendations on all parties and Respondents timely filed objections. (Doc. 16.) Respondents object to the findings and recommendations for the same reasons advanced in Respondents' earlier filing, to wit, that Petitioner is an applicant for admission such that his detention is governed by and mandatory

1

under 8 U.S.C. § 1225(b) and that Petitioner is not entitled to a bond hearing or immediate release. *Id.*; *see* (Doc. 13.)

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court agrees with the magistrate judge that Petitioner's procedural due process claim should be granted. However, the Court departs as to the appropriate remedy. Though the Court concurs with the findings and recommendations that Respondents have provided no evidence to substantiate the arresting ICE officers' assertions that he missed several check ins (Doc. 15 at 16), it is undisputed that Petitioner was ordered removed on February 20, 2026. (Doc. 13-1.) Petitioner's appeal from that order remains pending (Doc. 14 at 8), so it is not final. Nonetheless, its existence has not yet been evaluated by an IJ in relation to his custody status. Thus, the Court will order that Petitioner be provided with a bond hearing.

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on March 25, 2026 (Doc. 15) are **ADOPTED** in full.

2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** in part as to Petitioner's procedural due process claim arising under the Fifth Amendment to the U.S. Constitution (Count I).

3. Within 14 days of the date of this order, Petitioner **SHALL** be provided a substantive bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). Petitioner **SHALL** be allowed to have counsel present. If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

4.  The Clerk of the Court is **DIRECTED** to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated:  **April 2, 2026**

_____
UNITED STATES DISTRICT JUDGE

3